IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **SMART COMMUNICATIONS COLLIER, INC.** | **PLAINTIFF** |
| V. | NO. 1:21-CV-78-DMB-DAS |
| **LOWNDES COUNTY, MISSISSIPPI; LOWNDES COUNTY SHERIFF'S OFFICE; and LOWNDES COUNTY SHERIFF EDDIE HAWKINS, in his Official and Individual Capacities** | **DEFENDANTS** |

**ORDER**

Before the Court is the defendants' "Motion to Dismiss, to Transfer and/or Remand for Want of Jurisdiction, or in the Alternative for Forum Non-Conviens[sic]." For the reasons explained below, this case will be dismissed without prejudice.

**I**
**Procedural History**

On May 3, 2021, Smart Communications Collier, Inc. filed a complaint in the United States District Court for the Northern District of Mississippi against Lowndes County, Mississippi, Lowndes County Sheriff's Office, and Lowndes County Sheriff Eddie Hawkins, in his official and individual capacities. Doc. #1. Smart seeks a declaratory judgment determining whether the defendants may properly terminate an agreement under which Smart exclusively provides inmate communication services to the Lowndes County Adult Detention Center. *Id.*

On May 25, 2021, the defendants filed a "Motion to Dismiss, to Transfer and/or Remand for Want of Jurisdiction, or in the Alternative for Forum Non-Conviens[sic]" on grounds that the agreement "attached to the Plaintiff's Complaint, has a forum selection clause wherein the parties agreed to have this matter in the State Courts of Mississippi." Doc. #7 at PageID 39. Smart

responded in opposition to the motion. Doc. #11.[1] The defendants did not reply.

## II
## Standard of Review

It is important to initially address the criteria under which a forum selection clause should be evaluated when a case is filed in federal court but asserted to be subject to a forum selection clause mandating a state court venue. The defendants ask the Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12, or to "transfer and/or remand" the case pursuant to 28 U.S.C. § 1404 or, alternatively, for forum non conveniens. Doc. #7 at 1.

### A. Rule 12

Though the defendants move for dismissal pursuant to Rule 12, they fail to specify the subsection on which they rely. To the extent they seek dismissal for lack of subject matter jurisdiction, the Court presumes they invoke Rule 12(b)(1). Motions under Rule 12(b)(1) challenge a court's subject matter jurisdiction. However, "a federal court may dismiss a case on the ground of *forum non conveniens* without first resolving a threshold issue of jurisdiction." *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 400 (5th Cir. 2016) (citing *Sinochem Int'l Co., Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 442, 425 (2007)). Because the defendants' arguments only relate to the forum selection clause and the United States Supreme Court has explained that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*,"[2] the Court declines to further address subject matter jurisdiction.

---

[1] Smart initially filed a response and supporting memorandum on June 8, 2021, but attached exhibits to the memorandum (instead of to the response) contrary to Local Rule 7(b)(2). Docs. #9, #10. It refiled its response and memorandum in compliance with the Local Rules on June 16, 2021. Docs. #11, #12.

[2] *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

### B. 28 U.S.C. § 1404

The defendants also seek relief pursuant to 28 U.S.C. § 1404 but neither their motion nor their memorandum specifies the subsection on which they rely. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court is puzzled as to why the defendants rely on § 1404. They argue that "the parties intended to have this matter heard in Mississippi State Courts" but as the defendants acknowledge, this Court "cannot force a state Court to take this matter" where there has been no prior state court filing. Doc. #8 at 1–2. Accordingly, the Court turns to the defendants' alternative forum non conveniens argument.

### C. Forum Non Conveniens

The doctrine of forum non conveniens "entail[s] the same balancing-of-interests standard" as a motion to transfer venue under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 61 (2013). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."[3] *Id.* at 62. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63.

When there is a mandatory, enforceable forum selection clause, "the plaintiff's choice of forum merits no weight" and the plaintiff bears the "burden of establishing that § 1404(a) transfer

---

[3] "The public-interest factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

3

or [forum non conveniens] dismissal is unwarranted." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (citing *Atl. Marine*, 571 U.S. at 63). This is because "dismissal … work[s] no injustice on the plaintiff" because the plaintiff "has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause." *Atl. Marine*, 571 U.S. at 66 n.8. Additionally, a court "should not consider arguments about the parties' private interests"[4] but instead consider only the "public interest" factors. *Id.* at 64. Because "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases," public-interest factors will rarely defeat a transfer motion. *Id.* at 63–64 (alterations omitted). Therefore, the plaintiff's burden to establish that "public-interest factors overwhelmingly disfavor a transfer" is very heavy. *Id.* at 67.

Where the parties dispute whether the forum selection clause language precludes filing in a federal forum, the forum non conveniens analysis in the Fifth Circuit is:

> First, the court's threshold consideration … is whether the civil action might have been brought in the transferee court. Second, assuming the court decides that threshold question in the affirmative, the court then evaluates whether the clause in question is mandatory, permissive, or ambiguous, applying principles of contract law as necessary. … Third, if the court concludes that the forum-selection clause is mandatory, then the clause is presumptively enforceable and, to prevent transfer, the party opposed to the motion must meet its "heavy burden" to demonstrate that enforcement of the clause would be unreasonable under the circumstances. If the court concludes that the clause is permissive, however, the court embarks on a typical § 1404(a) analysis and, to succeed on its motion, the party moving for a change of venue must satisfy its burden to demonstrate why the forum should be changed. Alternatively, if the court concludes that the clause is genuinely ambiguous, principles of contract law indicate that the court must construe the clause against the drafting party.

*Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc.*, No. 3:17-CV-2272, 2018 WL 501184, at *4 (N.D. Tex. Jan. 22, 2018) (internal citations omitted) (collecting authorities).

---

[4] *Weber*, 811 F.3d at 767 (parties who "have contracted for a specific forum … waive the right to challenge their preselected forum as inconvenient").

## III
## Factual Background

In 2015, Smart and Lowndes County negotiated the terms of an agreement ("Agreement") under which Smart was to provide Lowndes County with a secure electronic messaging system used by Lowndes County Adult Detention Center inmates. Doc. #1 at 5; Doc. #1-1.

On June 18, 2015, after a meeting between the parties, Smart's Director of Information Technology, Justin Scott, forwarded a draft agreement prepared by Smart to Rick Jones of Lowndes County for review.[5] Doc. #11-1 at PageID 69–70. Several days later, Jones e-mailed Scott indicating the draft agreement had been reviewed and suggested the following changes:

> 1.1-Hillborough County, Florida-Lowndes County, Mississippi
> 7.7-Florida Statutes-change to Mississippi?
> 9.4-Florida law-change to Mississippi laws?

*Id.* at PageID 69.[6] On June 24, 2015, Scott e-mailed Jones a revised draft agreement, indicating the "venue and applicable laws have been updated to Mississippi as requested" and asking Jones to advise if he had "any other questions or concerns." *Id.* Jones responded on July 9, 2015, that he was in receipt of the revised draft agreement and would get back to Scott if he had any questions. *Id.* No additional revisions were requested by Lowndes County, and the Agreement executed by Lowndes County was sent by e-mail on July 21, 2015, to Smart's President, Jim Logan.[7] *Id.* at PageID 71. Logan executed the Agreement on August 7, 2015. Doc. #1-1 at 8.

The Agreement allows early termination in several situations and contains a forum

---

[5] The e-mails Smart provided contain some duplication and do not include copies of the attached draft agreements. *See* Doc. #11-1.

[6] Section 1.1 of the Agreement contains the language: "The parties agree that this Agreement shall be governed by all federal, state and county laws applicable to Lowndes County, Mississippi." Doc. #1-1 at 1. Section 7.7 of the Agreement does not contain any language relating to Mississippi law as discussed in Jones' e-mail, and instead addresses sovereign immunity. *See id.* at 6. Section 9.4 of the Agreement is the forum selection clause. *Id.*

[7] *See* Doc. #1-1 at 8 (naming James Logan, as "President" of Smart).

5

selection clause.[8]  Doc. #1-1 at 4, 6.  In a letter dated March 5, 2021, Lowndes County notified Smart of its intent to cancel the Agreement in thirty days.  Doc. #1-3 at PageID 25.  A disagreement ensued between the parties as to whether the time to terminate the Agreement had passed, resulting in Smart filing the complaint in this case.  *See* Doc. #1 at 7; Docs. #1-4, #1-5.

## IV
## Analysis

The defendants seek dismissal of this entire case, contending that "the State Courts of Mississippi are the mandatory, sole jurisdiction for dispute under [the Agreement]."  Doc. #8 at 2 (emphasis omitted).  Smart agrees the Agreement's forum selection clause is mandatory but disagrees about the scope of the limitations of the phrase "other pertinent Mississippi Courts," arguing the forum selection clause allows filing in both state and federal courts sitting in the geographical bounds of Mississippi.  Doc. #12 at 3–5, 7.

Utilizing Mississippi contract interpretation principles and federal enforceability standards, the Court finds that the forum selection clause is mandatory and enforceable against Smart and that this case must be dismissed under the doctrine of forum non conveniens as proscribed by *Atlantic Marine* and the Fifth Circuit.

### A.  Forum Selection Clause Interpretation

In the Fifth Circuit, "when determining whether a forum selection clause … require[s] the parties to litigate in the named forum, i.e., is mandatory and enforceable, a two-step inquiry is undertaken."  *Kirkland Props., LLC v. Pillar Income Asset Mgmt., Inc.*, 481 F. Supp. 3d 626, 629 (N.D. Miss. 2020).  First, the court determines whether the forum selection clause is mandatory or permissive, and then, if mandatory, the court determines if the clause is enforceable.  *See Weber*,

---

[8] The parties executed an addendum to the Agreement on June 25, 2018.  Doc. #1-2.

811 F.3d at 770 ("[T]he question of enforceability is analytically distinct from the issue of interpretation: Only after the court has interpreted the contract to determine whether it is mandatory or permissive does its enforceability come into play."). Generally, "[o]nly mandatory [forum selection] clauses justify transfer or dismissal." *Id.* at 769. And only mandatory forum selection clauses are presumptively valid. *See Pratt Paper (LA), L.L.C. v. JLM Advanced Tech. Servs.*, No. 11-1556, 2013 WL 395815, at *5 (W.D. La. Jan. 31, 2013) (citing *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994)).

"A *mandatory* forum selection clause requires that all litigation be conducted in a specified forum. To be considered mandatory, the clause must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 828 (N.D. Tex. 2013) (emphasis in original) (citing *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009)). "[W]ords of limitation" act to exclude other venues and establish the mandatory nature of a forum selection clause. *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 702 (S.D. Miss. 2002). In contrast, a permissive forum selection clause "authorize[s] jurisdiction in a designated forum, but do[es] not prohibit litigation elsewhere." *First Nat. of N. Am., LLC v. Peavy*, No. 3-02-cv-33, 2002 WL 449582, at *2 (N.D. Tex. Mar. 21, 2002).

However, some forum selection clauses are neither facially mandatory nor permissive and instead are ambiguous, requiring additional evaluation to determine the parties' intent and the clause's enforceability.[9] *Fleetwood*, 2018 WL 501184, at *4. A forum selection clause is ambiguous "where the clause's language cannot be given a definite legal meaning and is

---

[9] When a forum selection clause is clearly mandatory and the parties do not otherwise contest its mandatory nature, contract interpretation principles need not be utilized. *ASAP Auto Grp., LLC v. Marina Dodge, Inc.*, 3 F. Supp. 3d 573, 576 (S.D. Miss. 2014).

reasonably susceptible to more than one interpretation." *Id.* (cleaned up); *see Dalton v. Cellular S., Inc.*, 20 So. 3d 1227, 1232 (Miss. 2009) (defining ambiguity as "a susceptibility to two reasonable interpretations" when "viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business"). When forum selection clause language is ambiguous, principles of contract law are applied "to discern the parties' intent, if possible." *Fleetwood*, 2018 WL 501184, at *4.

Under Mississippi law,[10] courts "appl[y] a three-tiered approach to contract interpretation." *Gainnie v. McMillin*, 138 So. 3d 131, 135 (Miss. 2014).

> First, the Court applies the four corners test, looking to the language that the parties used in expressing their agreement and reading the contract as a whole, so as to give effect to all of its clauses. If the provision at issue is unclear or ambiguous, the Court applies the discretionary canons of contract construction. Finally, if the contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence.

*Accident Ins. Co. v. Deep S. Roofing, Inc.*, No. 3:19-cv-10, 2021 WL 3641457, at *2 (S.D. Miss. Aug. 17, 2021) (cleaned up) (citing *Gainnie*, 138 So. 3d at 135).

### 1. Mandatory, permissive, or ambiguous

The parties agree the forum selection clause was designed to be mandatory but disagree as to the scope of its limitation of forum. Doc. #8 at 2; Doc. #12 at 5. "The Fifth Circuit has held forum selection clauses mandatory when express language such as 'only' or 'must' is incorporated into the clause to bestow exclusive jurisdiction or venue on a court of a specific locale." *Jimmie Lyles Carpets, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-85, 2012 WL 2222857, at *2 (S.D. Miss. June 14, 2012) (collecting cases).

---

[10] In this diversity action, the Court applies the law of the forum state, *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019), which the parties do not dispute. *See* Doc. #12 at 6 (stating Mississippi law governs interpretation); Doc. #8 (declining to state which law governs interpretation).

The entire forum selection clause at issue states:

> 9.4 <u>Governing Law</u>. The parties mutually agree that any litigation arising hereunder shall be brought and completed in Lowndes County, Mississippi and other pertinent Mississippi courts and further that neither party shall seek to remove such litigation from Circuit Courts and Appellate Courts of the State of Mississippi by application of conflict of laws or any other removal process to any Federal Court or court not in Mississippi.

Doc. #1-1 at 6.

By comparing this language to the forum selection clause language used by the Fifth Circuit as an example of a mandatory language, it is clear the language of limitation for a mandatory clause has been utilized here. *See Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 128 (5th Cir. 1994) (using "any dispute arising must be treated before the London Court of Justice" as an example of mandatory forum selection clause language) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2 (1972)). Here, the parties used express language limiting their ability to bring "any litigation" arising under the Agreement to certain courts. *See* Doc. #1-1 at 6.

Despite the use of mandatory language, the use of the phrase "other pertinent Mississippi courts" may still render the clause ambiguous as to what forum is proper. Therefore, utilization of Mississippi contract interpretation principles considering the entirety of the forum selection clause is required.

### 2. The four corners

The defendants argue that "[i]t is clear from the plain language of the contract, the parties intended to have this matter heard in Mississippi State Courts" and "multiple pieces of language were inserted into [the forum selection] clause to keep this out of Federal Court." Doc. #8 at 2. Smart contends the forum selection clause creates a geographical limitation—not a jurisdictional one—because (1) the words "other pertinent Mississippi courts" are "plainly inclusive [of a Mississippi federal court], not exclusive;" and (2) had the parties intended to limit the available

9

fora to only Mississippi state courts, they would have used more precise language to do so.[11] Doc. #12 at 6–7. Smart also claims the portion of the forum selection clause forbidding removal "does not apply" "because there has been no removal by a defendant." *Id.* at 2–3.

When interpreting a contract in Mississippi, a court must "read the contract as a *whole*, so as to give effect to all of its clauses" and the concern is "not nearly so much with what the parties may have intended, but with what they said, since the words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 111 (Miss. 2005). At this stage of review, "the courts are not at liberty to infer intent contrary to that emanating from the text at issue." *Id.*

Despite Smart's position that the parties could have used more precise language in the forum selection clause, at this stage, the Court may not consider what the parties could have done and instead must review the actual language used.[12] Similarly, the Court cannot simply decline to review a portion of the forum selection clause because Smart argues it does not apply.[13] The forum selection clause is a single sentence with two provisions separated by the language "and further …." Doc. #1-1 at 6. The term "further" is defined as "to a greater degree or extent" or "in addition"[14] and indicates that the second removal provision modifies or otherwise places additional restraints on the first initial filing provision and is not meant to stand alone.

---

[11] Smart also contends the parties were not concerned with jurisdictional limitations and were only concerned with geographical ones during the forum selection clause's formation, citing e-mails including the defendants' request to change the contract language from Florida to Mississippi. Doc. #12 at 10 (referencing Doc. #11-1). However, the Court will not consider this argument at this point of review as extrinsic evidence is only relevant if this Court proceeds beyond the first tier of review. *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 111 (Miss. 2005).

[12] Smart's insistence that the placement of the word "other" is evidence that "other pertinent Mississippi courts" means "more than state appellate courts" also relies on potential alternate constructions of the forum selection clause. Doc. #12 at 7 n.6.

[13] *See* Doc. #12 at 3.

[14] *See further*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/further (last accessed Mar. 30, 2022).

10

Smart asserts it was "unable to find a case that involves the interpretation of a forum selection clause identical or even substantially similar to the clause at issue here" and relies on general contract principles to support its position that "other pertinent Mississippi courts" are generally understood to mean both state and federal courts sitting in Mississippi. Doc. #12 at 6. However, the Eighth Circuit addressed an identically worded forum selection clause[15] in a case involving Smart. *Smart Commc'ns Collier Inc. v. Pope Cnty. Sheriff's Off.*, 5 F.4th 895 (8th Cir. 2021). While the *Pope County* case is not binding authority, it is certainly instructive here.

In *Pope County*, the defendant moved to dismiss under an identical forum selection clause after Smart filed suit in an Arkansas federal court and the Eighth Circuit affirmed the lower court's dismissal based on the forum selection clause, finding the "other pertinent [state] court" language limited filings to the Arkansas state courts. *Id.* at 898. The court explained that the state name in the clause was "used as an adjective, not a noun" and "[u]sually, an adjective before a court connotates what government it belongs to —e.g., federal court, state court, United States Supreme Court, Arkansas Supreme Court." *Id.* The Eighth Circuit then pointed to specific examples of the usage of the phrase "Arkansas courts" in both Eighth Circuit and Arkansas state case law which established that the "ordinary understanding of 'Arkansas courts' refers to courts that are constituted under the Arkansas state government, not any court that happens to be within Arkansas's borders." *Id.* The court also found that "the word 'pertinent' d[id] not alter the meaning

---

[15] The forum selection clause at issue in that case read:

> The parties mutually agree that any litigation arising hereunder shall be brought and completed in Pope County, Arkansas and other pertinent Arkansas courts and further that neither party shall seek to remove such litigation from Circuit Courts or Appellate Courts of the State of Arkansas by application of conflict of laws or any other removal process to any Federal Court or court not in Arkansas.

*Smart Commc'ns Collier Inc. v. Pope Cnty. Sheriff's Off.*, 5 F.4th 895, 897 (8th Cir. 2021). The only differences between the two forum selection clauses are the use of "Arkansas" instead of Mississippi, and "Pope County" instead of Lowndes County. *Compare id. with* Doc. #1-1 at 6.

11

of 'Arkansas courts,'" and instead functioned to connect "other … Arkansas courts" to the "litigation" referenced in the clause or the courts in the county designated in the clause. *Id.* at 899.

Similar to courts in the Eighth Circuit and Arkansas, as discussed in *Pope County*, the Fifth Circuit, as well as both state and federal courts in Mississippi, have consistently referred to Mississippi state courts as "Mississippi courts." *See, e.g.*, *Moore v. Roberts*, 83 F.3d 699, 703 (5th Cir. 1996) (referring to Mississippi state courts as "Mississippi courts" when discussing application of federal law by multiple Mississippi state courts); *Boisseau v. Town of Walls*, 138 F. Supp. 3d 792, 812 (N.D. Miss. 2015) (discussing Mississippi state courts as "Mississippi courts"); *Reese v. Skelly Oil Co.*, 53 F.R.D. 548, 564 (S.D. Miss. 1971) (same); *Miss. Bar v. Rexrode*, 939 So. 2d 755, 757 (Miss. 2005) (referring to the state courts of Mississippi as "Mississippi courts" when differentiating between the "United States Courts of Appeals for the Fifth Circuit, the United States District Courts for the Northern and Southern Districts of Mississippi, and Mississippi courts"). This Court agrees with the Eighth Circuit's analysis that the term "pertinent" does not expand upon or otherwise explain what constitutes "Mississippi courts."[16]

Although the *Pope County* court did not "resort to the rules of construction" because the forum selection cause at issue "permits only one reasonable interpretation,"[17] the application of Mississippi contract interpretation principles renders the same result here. By finding that the "other pertinent Mississippi courts" language limits filing only to Mississippi state courts, the remainder of the forum selection clause may be given full force and effect based on its plain

---

[16] "Pertinent" is defined as "having a clear decisive relevance to the matter in hand." *See pertinent*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/pertinent (last accessed Mar. 31, 2022). Thus, even if "pertinent" was designed to relate to in what court litigation could take place as Smart contends, it does not provide any assistance as to whether a Mississippi federal court should be included in the scope of the word "courts."

[17] *Pope County*, 5 F.4th at 899.

language, and does not render the forum selection clause ambiguous and unenforceable.[18]  By reading the first portion as containing an express limitation that all litigation under the Agreement be "brought and completed" in Mississippi state courts, the second portion operates to "further" clarify those limits by forbidding removal to any federal court or a state court outside the state of Mississippi.[19]  *See* Doc. #1-1 at 6.  In other words, the parties made their choice of a Mississippi state forum clearer still in the no-removal terms, rejecting any federal court and any state court outside of Mississippi from presiding over a case arising under the Agreement.

The mandatory language of limitation and plain use of the term "Mississippi courts" as referring to Mississippi state courts establishes that the forum selection clause is mandatory and limited to being filed in pertinent Mississippi state courts.  Due to this finding, this Court may not move onto other tiers of review and instead considers whether the forum selection clause is enforceable against Smart.

### B.  Forum Selection Clause Enforcement

Federal law governs the enforceability of forum selection clauses in diversity cases. *Weber*, 811 F.3d at 770.  "Under federal law, a forum selection clause is presumed valid and a party seeking to set it aside must demonstrate that it is unreasonable under the circumstances …." *TruGreen Landcare, L.L.C. v. Telfair Cmty. Ass'n, Inc.*, No. 12-514, 2013 WL 2147471, at *2

---

[18] Smart suggests the "the right to remove portion of the forum selection clause seems ambiguous and thus, perhaps unenforceable" because it is not possible to "'remove' a case from a Mississippi state appellate court[.]" Doc. #12 at 5 n.4.  However, in some circumstances, removal of cases before a state court of appeals to a federal district court is possible.  *See, e.g.*, *Matter of Meyerland Co.*, 910 F.2d 1257, 1262 (5th Cir. 1990), *on reh'g*, 960 F.2d 512 (5th Cir. 1992) (allowing removal of a matter to federal district court while on appeal before a state appellate court).  Even if a forum selection clause is ambiguous, it is not necessarily unenforceable.  *See, e.g.*, *Pratt Paper*, 2013 WL 395815, at *5.

[19] Before the Eighth Circuit's review in *Pope County*, the Southern District of Arkansas noted that "[i]t makes little sense to bar removal if the case could have been brought originally in a federal court." *Smart Commc'ns Collier, Inc. v. Pope Cnty. Sheriff's Off.*, No. 4:20-cv-368, 2020 WL 6155673, at *1 (E.D. Ark. June 22, 2020), *aff'd*, 5 F.4th 895 (8th Cir. 2021).

(S.D. Tex. May 14, 2013) (citing *M/S Bremen,* 407 U.S. at 12–13). Unreasonableness is shown where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016).

Here, as the forum selection clause has been found to contain mandatory language limiting resolution of any dispute arising under the Agreement to Mississippi state courts, to prevent dismissal, Smart must demonstrate that enforcement of the clause would be unreasonable under the circumstances. However, Smart failed to present any argument as to why dismissal is unwarranted or otherwise address the public interest factors which might favor the case remaining in this Court despite the forum selection clause. *See* Doc. #12 at 11–12 (addressing the defendants' burden for dismissal but not addressing its own burden).

As Smart did not meet its burden, dismissal is warranted.

## V
## Conclusion

The defendants' "Motion to Dismiss, to Transfer and/or Remand for Want of Jurisdiction, or in the Alternative for Forum Non-Conviens[sic]" [7] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal. It is DENIED in all other respects. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 31st day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**